UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHANNON JOHNSON,

        Plaintiff,

        v.

DEPUTY SHERIFF STEVEN FIELDER,
DEPUTY SHERIFF ROBERT TRAINOR,
DEPUTY SHERIFF TIMOTHY DUFFY,
DEPUTY U.S. MARSHAL MICHAEL
KENNEDY, N.J. STATE POLICE
TROOPER JOHN HAINES,
BURLINGTON COUNTRY, and
OCEAN COUNTY,

        Defendants.

Civ. A. No. 14-6938 (NLH)(KMW)

**OPINION**

**APPEARANCES:**
Stephen T. O'Hanlon
2 Penn Center, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
    On behalf of Plaintiff

Mary Jane Lidaka
212 Hooper Avenue
P.O. BOX 757
Toms River, NJ 08754
    On behalf of Defendants

**HILLMAN, District Judge**

    Presently before the Court is the motion of Defendants Robert Trainor, Timothy Duffy, and Ocean County (collectively, "OC Defendants") for a more definite statement.  For the reasons expressed below, OC Defendants' motion will be denied.

1

## BACKGROUND

Plaintiff Shannon Johnson, a resident of Burlington County, New Jersey, alleges in her two-count complaint that on November 26, 2013 several law enforcement personnel, identified only as "Sheriff Deputies/State Troopers/Deputy U.S. Marshall" [sic] (presumably including Defendants Trainor and Duffy) entered her apartment in Florence, New Jersey. (3rd Am. Compl. ¶ 7 [Doc. No. 35].) Upon entry, Plaintiff alleges she requested that the law enforcement personnel present a warrant, but they failed to provide one. (3rd Am. Compl. ¶ 7.)

Plaintiff further alleges the law enforcement personnel, "acting in concert" and "engag[ing] in a joint venture," assaulted her and threw her against a wall and into an entertainment center. (3rd Am. Compl. ¶¶ 8, 10, 11.) Plaintiff alleges she was also "illegally seized and attacked" by each officer. (3rd Am. Compl. ¶ 17.) Plaintiff additionally alleges she later discovered that the officers were acting pursuant to a Burlington County warrant and an Ocean County warrant for the arrest of an individual identified as Eugene Gresham for failure to pay child support and for a theft-related matter, respectively. (3rd Am. Compl. ¶ 9.)

**PROCEDURAL HISTORY**

Plaintiff filed her original complaint on November 6, 2014, naming Ocean County and John Doe Sheriffs as Defendants. [Doc. No. 1.] OC Defendants filed an answer on January 8, 2015. [Doc. No. 8.] Plaintiff then filed a motion for leave to amend her complaint on August 3, 2015. [Doc. No. 18.] Plaintiff's motion was granted on August 18, 2015. [Doc. No. 21.]

Plaintiff filed her first amended complaint on October 6, 2015 and two additional amended complaints on November 2, 2015 and November 15, 2015. [Doc. Nos. 25, 34, 35.] Her third amended complaint identified the Defendants previously designated as John Doe by name and made only minor changes to the pleadings by adding that all Defendants acted in concert. (3rd Am. Compl.) OC Defendants moved for a more definite statement on November 25, 2015. [Doc. No. 36]. OC Defendants argue that they are unable to defend against the suit without knowledge of the specific actions each individual is alleged to have committed.

**JURISDICTION**

Plaintiff's two-count third amended complaint alleges causes of action under 42 U.S.C. § 1983, which provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

3

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1333, 1343.

## LEGAL STANDARD

Fed. R. Civ. P. 12(e) allows a defendant to request a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Defendants must file this motion "before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 736-37 (D.N.J. 2008) (citing Clark v. McDonald's Corp., 213 F.R.D. 198, 232-33 (D.N.J. 2003) (internal citations omitted).

"Motions for a more definite statement, however, are 'generally disfavored,' particularly in light of the liberal

4

pleading standards under the Federal Rules." Marley v. Donahue, No. 14-1597, 2014 WL 5152618, at *1 (D.N.J. Oct. 14, 2014) (citation omitted). Thus, "only where the allegations lack sufficient specificity to enable a defendant to determine the propriety of interposing in his answer a waivable defense, where the nature of the complaint leaves the defendant unable, without prejudicing itself, to respond with a general denial, or in order to pare down shotgun pleadings." Id. (citing Clark, 567 F.R.D. at 232-33). "Resolution of a motion under Rule 12(e) rests 'largely [in] the discretion of the district court.'" Id. at *2 (citing Clark, 213 F.R.D. at 232). However, "[b]ecause there is potential that Rule 12(e) could require more specificity than that required by Rule 8(a)(2) and therefore be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity." Gittens v. Experian Info. Sols., Inc., No. 13-5534, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014) (internal quotations and citations omitted).

## DISCUSSION

The OC Defendants make three general arguments in support of their motion for a more definite statement. First, OC Defendants argue that Plaintiff's third amended complaint does not identify "who did what," in other words, which officers did what actions to violate Plaintiff's constitutional rights. Further, since

5

Section 1983 liability cannot be predicated upon a respondeat superior theory, Ocean County argues it is entitled to a more definite statement with regard to the specific allegations against it.  Second, OC Defendants argue that Plaintiff's allegations that all Defendants "acted in concert" or were "engaged in a joint venture" are "insufficient to make out a claim" for conspiracy.  (Reply at 2.)  Third, OC Defendants argue that Plaintiff's claim for Monell liability "clumps all defendants together," "fail[s] to allege an unconstitutional policy," and "fail[s] to identify any alleged maker of any unconstitutional policy."  (Reply at 5.)

The Court finds Plaintiff's third amended complaint is not so vague or ambiguous that OC Defendants cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  While OC Defendants point out perhaps several pleading deficiencies in Plaintiff's third amended complaint, the Court finds that Plaintiff's allegations against the OC Defendants are specific enough to enable them to provide good faith response.[1]  "It is not the

---

[1] The Court offers no opinion on whether Plaintiff's Third Amended Complaint would survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as that application is not before the Court.  The Court notes that "the difference between a pleading that either fails to state a claim for relief or is so poorly drafted that it gives the appearance of not stating a claim for relief [Fed. R. 12(b)(6)] and a pleading that states a claim so vaguely or ambiguously that it cannot be answered [Fed. R. 12(e)] often is difficult to perceive[.]"  5C Fed. Prac. & Proc. Civ. § 1376 (3d

function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (finding breach of contract and unjust enrichment claims, "[w]hile not the model of particularly," were not so vague, ambiguous or unintelligible

---

ed.). Indeed, some may belief the difference is so small as to be non-existent. We note here those commentators who have raised the question as to whether Iqbal v. Ashcroft, 556 U.S. 662 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) have rendered Rule 12(e) meaningless. See Kipp, Rule 12(e): What Is It Good For? Absolutely Nothing, http://www.law360.com/articles/424046/rule-12-e-what-is-it-good-for-absolutely-nothing. The sentiment that more definite statements are largely inconsistent with modern pleading standards had some support long before Justice Souter's decision in Twombly forced the Conley v. Gibson, 355 U.S. 41 (1957), pleading standard into "retirement." See Twombly, 550 U.S. at 563; Walling v. American Steamship Co., 4 F.R.D. 355 (W.D.N.Y. 1945) (describing the earlier version of Rule 12(e) as "ill-advised"). Nonetheless, we think that Rule 12(e) retains some utility post-Twombly and Iqbal and that the answer lies in Twombly itself. In discussing Conley, Justice Souter's noted that Conley's "no set of facts" test was never intended to be "the minimum standard of adequate pleading to govern a pleading's survival" but merely "described the breadth of the opportunity to prove what an adequate complaint claims." Twombly, 550 U.S. at 563. In other words, in attempting to harmonize Conley and his opinion in Twombly Justice Souter appeared to leave room for the possibility that a complaint could meet the Twombly standard and still contain additional allegations subject to a claim of ambiguity and vagueness. That having been said, we believe it to be the rare case that a pleading states a viable legal theory supported by adequate facts establishing plausibility but also includes additional assertions so vague and ambiguous that the opposing party is unable to respond. The need for relief under Rule 12(e) is therefore extremely limited and after our review of the Third Amended Complaint in this matter the Court finds this is not one of those cases.

that the defendant could not respond in good faith); <u>Marley v. Donahue</u>, No. 14-1597, 2014 WL 5152618, at *2 (D.N.J. Oct. 14, 2014) (finding that while the complaint was challenged because it failed to outline the plaintiff's specific claims of discrimination and retaliation, it was not unintelligible, vague or ambiguous as required to grant a Rule 12(e) motion). Accordingly, the OC Defendants are not entitled to relief under Rule 12(e).

## <u>CONCLUSION</u>

The Court finds that Plaintiff's third amended complaint gives the OC Defendants fair notice of the claims against it and enables them to respond in good faith. For this reason, OC Defendants' motion for a more definite statement will be denied.

An appropriate Order will be entered.

Date: July 19, 2016                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.